Mr. Justice Richardson
delivered the opinion of the iid.urtf.
The'question made Resolves itself into this enquiry, ■■ •Can ffaud-be proved under the general issue, in order to destroy a contract not under seal ? It is not left for us, to determine whether fraud will vitiate a contract. Fraud destroys any contract. It is equally clear too, that whatever goes to shew that the contract was originally void, is competent testimony under the general issue : and even a deed which is a mode of contracting, if originally void, may be set aside as well as a contract evidenced in any other ; form. A. moral fraud then, the end of which is to shew that there never was any binding contract, because the *471 ‘fraud infects and destroys it ah initio, and which has the same effect, i. e. to destroy, though, the contract be .covered collaterally by a deed of conveyance and entrenc.he'd.behi®idk. a seal, need not be specially pleaded. .
But I need not go father than the case requires. The. .action’is assumpsit on a note ; and that fraud may be proved under the general issue to such an action, is clears' (See 1 Chitty, 470.) The testimony then should haye^ been heard; even admitting that the conveyance fof.t’he? land might have been, replied successfully to the fraud % for it must be noticed that.both the testimony, viva vote of fraud, and the conveyance, were matters of evidence,, extrinsic and collateral to the action. And although one part of the defence, which is competent in itself, be destined to counteract another part, (a disappointment by no means uncommon,) yet all the evidence is to Be beard and weighed. Without deciding then between the evidence of fraud which was excluded and the force of the conveyance, the former ought to have been heard ; if it be admitted that fraud may be proved under non as-mmpsit, as surely it may be. Then how else was the defendant to bring out his defence ? Should he be required, to set out and expose his intended evidence, i.>e;-'tbe ■>' veyance, and then to reply ■ á fraud "in avoidance of the deed adduced? Surely not. Suppose the action were as-sumpsit for the price of ahorse, and the plea non assump-sit, a fraud committed by the vendor in the sale of the horse might no doubt be proved. But suppose in the same case that a part of the evidence of the defendant consisted of a bill of sale under seal, and adduced in order to identify the horse and thus shew the consideration, could '’ the adduction of such bill of sale estop the defendant from shewing the fraud ex aliunde? Surely not. Were the defendant to be thus estopped by the necessary adduction of a deed, the moment he produced a bill of sale under seal, which is so common, in order to shew the consideration of a note given, that moment there would be an end of the defence. The mistake appears to me to arise from ■ *472 confounding- the conveyance with the gist of the aetiorfnow before us. But the gist is the promise of a debt eviden - ced not by the conveyance, but by the note, and the convey • since is the defendants testimonial under the hand of the plaintiff of what thing was the consideration of the note; and after having by the conveyance pointed out the matter which was the subject of the fraud, it remained to ¡wove the fraud ex aliunde. There is no more inconsistency in this course, than in the common one of adducing a deed to point out the consideration of a note, and then to prove that consideration to have no existence in truth. The deed could be no estoppel in such a case.
O'Neall and Irby, for the motion,
Simson and Dunlap, contra.
Títere can be nothing in the conveyance to estop all farther proof tif turpitude, said to enter in the transaction which the conveyance records.
A new trial is therefore granted.
Justices Huger and Nott, concurred.